**XIHONG LIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73129.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 20, 2009.

R.App. P. 34(a)(2).

Patricia Vargas, Patricia Vargas & Associates, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert Harris Oakley, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Xihong Liang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture[3] (CAT) relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995) (same). When an asylum claim is involved, an alien must show either past persecution, or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc).

■ Liang's claims fail. He did not present evidence that would compel a find-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1158.

2. 8 U.S.C. § 1231(b)(3).

3. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, adopted December 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 208.18.

ing of past persecution or a well-founded fear of future persecution connected to a protected ground—here political opinion. *See* 8 U.S.C. § 1101(a)(42)(A); *Njuguna v. Ashcroft,* 374 F.3d 765, 770 (9th Cir.2004). Rather, the most he showed was that he had a dispute with his employer regarding worker safety and he sought to pursue it by having a large number of people gather at and advance upon City Hall. There was no evidence that the response of the police bore any relationship to Liang's opinions, political or otherwise. In fact, the police stated their concern that his actions would create a riot or other civil disturbance due to the large number of people involved. *See Fisher,* 79 F.3d at 961–62 (possibility of prosecution is not persecution on a protected ground). Moreover, there was no evidence that government officials were being accused of corruption. *Cf. Yazitchian v. INS,* 207 F.3d 1164, 1167–68 (9th Cir.2000); *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000). Thus, his asylum claim fails.

■ Liang has not briefed the issues of withholding and CAT relief. Thus, those are waived. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996); *see also Nagoulko v. INS,* 333 F.3d 1012, 1013 n. 2 (9th Cir.2003). In any event, on this record they would fail. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003) (no showing that it is likely that person will be tortured); *Fisher,* 79 F.3d at 961 (no asylum; no withholding).

Petition DENIED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.